UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STACEY JAMES WONDRA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Case No. 1:24-cv-00354-AKB<br>Criminal Case No. 1:22-cr-00098-AKB<br><br>**MEMORANDUM AND DECISION ORDER** |

Pending before the Court are Stacey James Wondra's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Civ. Dkt. 1; Crim. Dkt. 75)[1] and the Government's Motion to Dismiss (Civ. Dkt. 4). Having reviewed the motions and noting Wondra's failure to respond to the Government's motion to dismiss, the Court grants that motion and dismisses Wondra's § 2255 motion for the reasons set forth below.

## I.    BACKGROUND

On May 10, 2022, the grand jury issued an Indictment charging Wondra with one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Crim. Dkt. 1 at p. 2). On August 23, Wondra signed a written plea agreement, pleading guilty to Count One of the Indictment. (Crim. Dkt. 17). In this plea agreement, Wondra waived any right to appeal or collaterally attack § 2255, the entry of plea, the conviction, the entry of judgment, and the sentence, including forfeiture and restitution. (*Id.* at p. 8). The appeal waiver also encompassed "any

---

[1]    "Civ. Dkt." refers to Case No. 1:24-cv-00354-AKB, and "Crim. Dkt." refers to Case No.1:22-cr-00098-AKB.

**MEMORANDUM AND DECISION ORDER - 1**

challenge to the constitutionality of any statute of conviction" and further acknowledged that the waiver would "result in the dismissal of any direct appeal or collateral attack the defendant might file seeking to challenge the plea, conviction, or sentence in this case." (*Id.*). The only exception to this waiver stated the defendant shall retain the right to file a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel. (Dkt. 17 at p. 9). Otherwise, Wondra waived his right to collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence and to challenge the constitutionality of any statute of conviction. (*Id.* at pp. 8-9).

Before a change of plea hearing was held, several continuances were granted due to Wondra changing counsel twice. (Crim. Dkts. 22, 27, 30, 33). Wondra, through newly appointed counsel, then filed a notice of intent to proceed with the guilty plea. (Crim. Dkt. 37). The notice confirmed Wondra's "intent and desire to proceed with his plea of guilty to Count [One] of the indictment, pursuant to the plea agreement he previously entered into with the government." (*Id.* at p. 1). Additionally, the notice expressly stated Wondra "decided to forego the filing of any motion to dismiss pursuant to the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022)." The notice further confirmed that Wondra had the opportunity to consult with counsel and that Wondra's counsel was satisfied Wondra had made these decisions "knowingly, intelligently, and voluntarily." (Crim. Dkt. 37 at pp. 1-2).

On May 9, 2023, Wondra entered a plea of guilty to Count One of the Indictment per the written plea agreement. (Crim. Dkt. 40). On November 1, the Court sentenced Wondra to twenty-one months of imprisonment followed by three years of supervised release. (Crim. Dkt. 60). The Court gave Wondra credit for time served, and on November 9, he began his term of supervised release. (Crim. Dkt. 62). Subsequently, Wondra violated the terms of his supervised release; the

**MEMORANDUM AND DECISION ORDER - 2**

Court revoked his supervision and imposed an eight-month term of imprisonment; and Wondra returned to prison. (Crim. Dkts. 73, 74).

On August 5, 2024, Wondra filed a § 2255 motion, challenging the constitutionality of his conviction. (Crim Dkt. 75; Civ. Dkt. 1). On September 5, the Government moved to dismiss Wondra's § 2255 motion, arguing that Wondra waived his right to challenge his conviction in a collateral attack. (Civ. Dkt. 4). To date, Wondra has not responded to the Government's motion to dismiss.

## II.     LEGAL STANDARD

Section 2255 provides four grounds under which a federal judge may grant relief to a federal prisoner challenging the imposition or length of their custody: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; and (4) the sentence is otherwise "subject to collateral attack." *Horty v. United States*, No. 2:18-CR-00293-RCT, 2024 WL 1772033, at *2 (D. Idaho Apr. 24, 2024). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides a court may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief."  Further, a court may dismiss a § 2255 motion at other stages of the proceeding, such as pursuant to a motion; after consideration of the answer and motion; or after consideration of the pleadings and an expanded record.  *Horty*, No. 2:18-CR-00293-RCT, 2024 WL 1772033, at *2; *United States v. Mendenhall*, No. 3:12-cv-00432-EJL, 2014 WL 4773970, at *13 (D. Idaho Sep. 24, 2014).

## III.     ANALYSIS

Wondra challenges his conviction and sentence for unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1), claiming an unnamed Supreme Court decision rendered that

statute unconstitutional on Second Amendment grounds. (Civ. Dkt. 1). The Government contends the § 2255 motion should be dismissed because the plea agreement contains a valid waiver of Wondra's right to challenge his conviction or sentence. (Civ. Dkt. 4).

A.     **Failure to Respond to Motion to Dismiss**

Wondra's § 2255 motion is subject to dismissal because he has failed to file a response to the Government's motion to dismiss. Under Local Rule 7.1, the Court may deem Wondra's failure to file an opposition to the Government's motion as consent to the requested relief. Dist. Idaho Loc. Civ. R. 7.1(e)(1) (providing "if an adverse party fails to timely file any response documents required to be filed under this rule, such failure may be deemed to constitute a consent to . . . the granting of said motion or other application").

The Government filed its motion to dismiss on September 5, 2024. (Civ. Dkt. 4). Wondra's response was due by September 26. *See* Dist. Idaho Loc. Civ. R. 7.1(c). On September 6, the Court sent Wondra its standard notice to pro se litigants outlining what the Court requires of him and explaining what a motion to dismiss is and how and when Wondra needed to respond to the motion. (Civ. Dkt. 5). The notice included the following warning:

> **Your Response to Any of these Motions is REQUIRED**
> **You are warned** that if you do not file your response opposing the motion within 21 days (or such other time period set by the Court), the Court will consider the facts provided by the moving party as undisputed and **may grant the motion** based on the record before it, or it **may dismiss your entire case for failure to prosecute** (abandonment of your case). *See* Local Rule 7.1(e)(2); Fed. R. Civ. P. 41(b).

(Civ. Dkt. 5 at p. 2).

Wondra has failed to file a response to the motion; the time for doing so has passed; and regardless, the Court has given him ample opportunity to respond to the motion. While pro se litigants' filings are construed liberally, "pro se litigants are bound by the rules of procedure and failure to follow those rules may properly result in dismissal." *Coy v. Ada Cnty.*, No. 1:23-CV-

00144-AKB, 2023 WL 6623633, at *3 (D. Idaho Oct. 10, 2023) (citations omitted). The Court views Wondra's failure to respond as consent to granting the motion to dismiss under Local Rule 7.1(e)(1).

B. **Waiver in Plea Agreement**

Moreover, even if Wondra had timely responded, his claims for relief in the § 2255 motion are fatally defective for the alternative, independent reason that he waived his right to file such a motion. A defendant may waive his statutory right to file a § 2255 motion challenging his sentence, and that waiver is enforceable. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993), *cert. denied*, 508 U.S. 979 (1993). Waivers of a constitutional right must be both knowing and voluntary to be enforced. *Id.*; *United States v. Jackson*, 21 F.4th 1205, 1216 (9th Cir. 2022). Additionally, for a plea agreement to waive a § 2255 motion, the waiver must be express. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). Finally, we must consider the express language of the waiver to determine if it was knowing and voluntary. *See United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996) ("[T]o determine whether the defendant agreed to its terms knowingly and voluntarily . . . . we must also focus also upon the language of the waiver to determine its scope.").

Under the terms of the plea agreement here, Wondra waived his right to collaterally attack his conviction under § 2255, other than the exception for an ineffective assistance of counsel claim. (Crim. Dkt. 17 at pp. 7-8). Wondra's § 2255 motion does not assert an ineffective assistance of counsel claim. (Civ. Dkt. 1). The plea agreement explicitly stated Wondra waived his right to "any challenge to the constitutionality of any statute of conviction . . . ." and was signed by Wondra and his counsel. (Crim. Dkt. 17 at pp. 7, 12). After Wondra changed counsel, he reaffirmed his intent to move forward with the terms of the plea agreement by submitting the notice of intent to proceed with guilty plea, in which he confirmed his opportunity to consult with his new attorney regarding

the terms of the plea agreement. (Crim. Dkt. 37 at p. 1). Further, the notice also confirmed that Wondra, after consulting with counsel, decided to forego filing a motion to dismiss. (*Id.* at pp. 1-2). Following the change of plea hearing, the Magistrate Judge found that Wondra had entered the guilty plea "voluntarily and with full knowledge of the consequences" and recommended that this Court accept his plea. (Crim. Dkt. 42 at pp. 1-2). After neither party objected to the Report and Recommendations, the Court adopted it. (Crim. Dkt. 44).

The provisions in the plea agreement constitute an express and unambiguous waiver of the right to bring a § 2255 motion other than the grounds of ineffective assistance of counsel, and the record indicates that Wondra entered into the plea agreement knowingly and voluntarily. *See United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011). Wondra does not allege otherwise. Accordingly, the Court dismisses Wondra's § 2255 motion.

## IV. CERTIFICATE OF APPEALABILITY

The Court will deny a certificate of appealability. The standard to obtain review is lower than that required for a petitioner to succeed on the merits of his petition. *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000). To satisfy this lower standard when the court has denied a § 2255 motion, a petitioner must show that reasonable minds could debate over the resolution of the issues or that questions raised in the petition deserve further review. *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

Having reviewed the record in this case, the Court finds that reasonable jurists would not find its determinations regarding Wondra's claims to be debatable or deserving of further review. Accordingly, the Court will not issue a certificate of appealability as to any issue raised in the § 2255 motion.

V.   ORDER

**IT IS HEREBY ORDERED THAT:**

1. The Government's Motion to Dismiss (Civ. Dkt. 4) is **GRANTED.**

2. Stacey James Wondra's Motion to Vacate, Set Aside or Correct a Sentence (Crim. Dkt. 75 in Case No. 1:22-cr-00098-AKB) and (Civ. Dkt. 1 in Case No. 1:24-cv-00354-AKB) is **DENIED.**

DATED: November 04, 2024

*Amanda K. Brailsford*
**Amanda K. Brailsford**
U.S. District Court Judge